IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cr-00176-M
Case No. 5:24-cv-00282-M

| | |
|---|---|
| OMAR WILSON,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER |

This matter comes before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 56] and the United States' Motion to Dismiss the § 2255 petition [DE 61]. After careful review of all submitted materials, the court finds that the record conclusively shows that Petitioner is not entitled to relief. Therefore, no hearing is necessary pursuant to § 2255(b). For reasons described herein, the United States' motion to dismiss is granted, and the § 2255 petition is dismissed.

I. **Background and Procedural History**

On November 16, 2021, Petitioner pled guilty to possessing a firearm as a felon. [DE 24]. On January 31, 2023, the court sentenced Petitioner to a term of imprisonment of forty-eight months. [DE 52]. In doing so, the court varied downward from the advisory guideline range of 77 to 96 months. *See* [DE 53].

On July 31, 2023, Petitioner filed a pro se motion challenging the application of a criminal history point for a misdemeanor conviction of marijuana possession. [DE 54]. On August 12,

2024, the court denied the motion as the removal of the criminal history point would have no effect on Petitioner's guideline range. [DE 59].

On May 20, 2024, Petitioner moved to set aside his sentence. [DE 56]. Liberally construing his pro filing, the court perceives two proffered bases for relief. First, in the § 2255 petition itself, Petitioner argues that his conviction under 18 U.S.C. § 922(g) violated the Second Amendment to the United States Constitution. [DE 56] at 4. Second, in a contemporaneously filed attachment, he again contests the application of a criminal history point for his misdemeanor conviction for marijuana possession. [DE 56-1] at 1.

The United States responded by filing a motion to dismiss, in which it argues that the petition is untimely and, alternatively, that it fails to state a claim on which relief may be granted. [DE 62] at 1. Specifically, the United States argues that Petitioner cannot demonstrate prejudice because "[t]he [c]ourt already sentenced Petitioner to fewer months' imprisonment" than what would be recommended by the guidelines if the criminal history point was removed. *Id.* at 4. The United States did not address Petitioner's Second Amendment argument. *See generally* [DE 62].

Although informed that he had the opportunity to file a response to the United States' motion, Petition failed to do so. *See* [DE 63]. The matter is now ripe for review.

## II.     Legal Standards

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the

3

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

### III. Discussion

The United States argues that the petition should be dismissed as untimely. Section 2255 provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." *United States v. Green*, 67 F.4th 657, 663 (4th Cir. 2023) (quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)). "Where, as here, a petitioner does file a direct appeal, a conviction becomes final when the appeal period expires." *Green*, 67 F.4th at 663.

4

Under the doctrine of equitable tolling, the statute of limitations may be extended where "due to circumstances external to the party's own conduct," it would be "unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Generally, the petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Under the Fourth Circuit's "extraordinary circumstances" test, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Here, Petitioner's conviction became final on February 14, 2023, fourteen days after the imposition of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). Accordingly, the one-year statute of limitations under § 2255 expired on February 14, 2024. *See* § 2255(f)(1). Petitioner did not sign his petition until May 14, 2024, three months after the period to do so had expired, so his petition is presumptively untimely. *See* [DE 56] at 13.

Regarding his criminal history point argument, Petitioner has not alleged facts sufficient to invoke a statutory exception or to benefit from equitable tolling. He does not claim to have been prevented from filing the motion due to government action, he does not rely on a newly recognized and retroactively applicable right, and he does not allege to have been prevented from pursuing this claim because of circumstances beyond his control. *See* § 2255(f)(2)–(4). He has not otherwise offered an explanation for his tardiness, and the court does not perceive one. The court notes that Petitioner previously challenged the application of the criminal history point on July 31, 2023, more than six months before the expiration of the statute of limitations. *See* [DE 54]. By doing so, Petitioner demonstrated the ability to bring this claim before February 14, 2024, so the

5

court finds that equitable tolling does not apply, and that the argument is time-barred.[1] § 2255(f)(1).

Next, Petitioner challenges his 18 U.S.C. § 922(g)(1) conviction, arguing that due to "newly discovered information," he believes his Second Amendment rights were violated during the underlying criminal proceedings. [DE 56] at 4. He does not specify what this newly discovered information is, but even assuming that it renders the petition timely pursuant to § 2255(f)(3) or (4), the argument must be dismissed for failure to state a claim. The Fourth Circuit, applying the Supreme Court's decisions in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), recently held that "Section 922(g)(1) regulates activity . . . that falls outside the scope of the Second Amendment right as originally understood." *United States v. Hunt*, 123 F.4th 697, 705 (4th Cir. 2024); *see also United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that § 922(g)(1) is facially constitutional). As such, Petitioner is precluded from challenging his conviction under the Second Amendment.

### IV. Conclusion

For these reason, the United States' Motion to Dismiss [DE 61] is GRANTED, and the Defendant's § 2255 petition [DE 56] is DISMISSED.

SO ORDERED this ___22d___ day of April, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court alternatively finds that this argument fails to state a claim upon which relief could be granted for the reasons described in the court's August 12, 2024, order. *See* [DE 59].